COMMONWEALTH of
Kentucky, Movant,

v.

Donnie Ray BUSH, Respondent.

No. 87-SC-291-DG.

Supreme Court of Kentucky.

Nov. 25, 1987.

David L. Armstrong, Atty. Gen., David A. Sexton, Glenda B. Hardison, Asst. Attys. Gen., Frankfort, for movant.

Donnie Ray Bush, pro se.

LIEBSON, Justice.

The issue is whether a criminal defendant is entitled to a copy of his Presentence Investigation Report (PSI) both at the presentence and post-conviction stages. The respondent, Donnie Ray Bush, was convicted of murder in the Perry Circuit Court and waived preparation of the PSI at the time of final sentencing. Bush was informed by his caseworker at the Northpoint Training Center that a PSI had been prepared by the Office of Probation and Parole for the Corrections Cabinet and was being utilized for purposes of classification and determination of eligibility for involvement in programs at the institution.

Bush made a motion in the Perry Circuit Court for release of a copy of the PSI. This motion was overruled based on the trial court's opinion that "the Perry Circuit Court does not have the authority to order the Department of Corrections to release the report ... [because] an opinion of the

Attorney General's office ... states ... that the Presentence Investigation Report should not be released for inspection to the defendant or his counsel...."

On Bush's appeal to the Court of Appeals, this order of the trial court was reversed. The Court of Appeals found:

"... that in carrying out the spirit and purpose of KRS 532.050(4) in its permitting the disclosure of the 'factual contents' of the report to a defendant along with a 'fair opportunity' to controvert them, there is no compelling reason why a criminal defendant should not be given an actual copy of the report, from which is to be deleted the names of confidential informational sources and any language which is most likely to reveal such confidential informational sources."

█ The Court of Appeals held that defendants are entitled to a copy of the PSI at both the presentence and post-conviction stages.

We disagree. KRS 532.050(4) provides for the court to "advise the defendant or his counsel of the factual contents and conclusions of any presentence investigation.... The sources of confidential information need not, however, be disclosed." The Commentary to this section of the Penal Code reveals the compelling reason for not releasing a copy of the report to a criminal defendant:

"[T]here exists a need to protect the confidence of sources of information contained in such a report. Valid opinions concerning the general character of a defendant would not be otherwise available."

Thus, the statute specifies that the court shall *advise* of factual contents and conclusions; not that the court shall release a copy of the report. "Subsection (4) takes a middle position between complete disclosure of the entire report and no disclosure at all." Commentary to KRS 532.050.

The PSI would be a public record subject to the Open Records law, KRS 61.870, except for the fact that it is excluded from public inspection by virtue of KRS 61.-878(1)(j) which exempts any records made confidential by the General Assembly.

The PSI is also made confidential by KRS 439.510, which states:

"All information obtained in the discharge of official duty by any probation or parole officer shall be privileged.... Such information shall not be disclosed directly or indirectly to any person other than the court, board, cabinet ... unless otherwise ordered by such court, board or cabinet."

█ Nevertheless, to conform with the "fair opportunity" afforded a defendant by KRS 532.050(4), Bush is entitled to being *advised* by the prison official who has custody of the PSI of the factual contents and conclusions therein, and to a reasonable time to controvert factual information contained therein.

In order to protect the sources of confidential information, matters of opinion and comments of a personal and nonfactual nature shall not be revealed. Bush is not entitled to a copy of the report. The type of censoring suggested by the Court of Appeals would be difficult if not impossible to make.

The decision of the Court of Appeals is reversed. The case is remanded to the trial court to enter an order in conformity with this Opinion.

STEPHENS, C.J., and GANT, LAMBERT, STEPHENSON and WINTERSHEIMER, JJ., concur.

VANCE, J., concurs in results only.