889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darnell HOPEWELL, Plaintiff-Appellant,
v.
Steve BERRY; Rebecca K. Owen; Joe Stuart, Defendants-Appellees.
 No. 89-5332.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1989.
 
 1
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT E. DeMascio, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Darnell Hopewell appeals the dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983 in which he alleged that the defendant prison officials deprived him of his rights with respect to his security classification and the loss of good time credits. The district court concluded that plaintiff failed to state a claim upon which relief can be granted under Sec. 1983 and granted defendants' motion to dismiss the complaint. Upon consideration, we conclude that the complaint was properly dismissed.
 
 
 4
 Generally, the judgment should be affirmed if it appears beyond doubt that plaintiff could prove no set of facts which would entitle him to relief. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Here, plaintiff possesses no inherent constitutional right to a particular security classification, see Montanye v. Haymes, 427 U.S. 236, 242 (1976), or to accumulate good time credits. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). The record clearly reflects that plaintiff was afforded any state created right to know the substance of his presentence report before his classification hearing. See Commonwealth v. Bush, 740 S.W.2d 943 (Ky.1987). Prison officials clearly have discretion under state law to deny a prisoner future good time. Ky.Rev.Stat. Sec. 197.045(1). Plaintiff's remaining allegations are mere conclusions not actionable under Sec. 1983. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Therefore, it appears beyond doubt that plaintiff can prove no set of facts actionable under Sec. 1983.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation