35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Anthony BARNES, Plaintiff-Appellant,
v.
Michael J. O'DEA, Warden, Eastern Kentucky Correctional
Complex; Robert T. Letcher, Chaplain, Eastern Kentucky
Correctional Complex; Unknown Security Guard; Two Unknown
Case Workers (One Female and One Male), Defendants-Appellees.
 No. 93-6295.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 1
 Before: RYAN and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals a district court judgment granting summary judgment for the defendants in his prisoner civil rights suit filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory and injunctive relief, Michael Anthony Barnes sued numerous prison officials in their individual and official capacities. By amended complaint of May 29, 1991, Barnes alleged that: 1) the defendants conspired to violate his civil rights; 2) the defendants improperly applied Eastern Kentucky Correctional Complex (EKCC) Policy and Procedure 23-01-01(B)(1) to deprive him of the ability to eat as required pursuant to his religious practices; 3) the defendants improperly applied EKCC Policy Number 23-01-01 F (1) and (2) so as to prevent him from fully participating in the first fifteen days of the Islamic fast of Ramadan; 4) the defendants violated his due process rights by using his presentence investigation report (PSI) to substantiate his security classification; 5) the defendants denied him meaningful access to the courts because they did not timely consider or respond to his prison grievances; and 6) the defendants violated his due process rights because he has been held beyond his release date due to failure to properly apply Ky.Rev.Stat.Ann. Secs. 439.344 and 439.354 (effect of parole time on sentence and final discharge), to his criminal sentence.
 
 
 4
 A magistrate judge recommended that claims 1, 4, 5 & 6 be dismissed sua sponte. The magistrate concluded that Barnes's first claim was frivolous because Barnes did not allege a racial or other class-based discriminatory animus as required under 42 U.S.C. Sec. 1985; that the fourth claim was frivolous because a PSI was prepared and utilized in accordance with Kentucky law, even though Barnes had waived his rights to be informed of the content of the PSI; that the fifth claim was frivolous because Barnes had not shown actual prejudice to underlying litigation; and his sixth claim was frivolous because it was a challenge to the fact or duration of his imprisonment for which a writ of habeas corpus was the sole remedy. The district court adopted the magistrate judge's report and recommendation over Barnes's objections.
 
 
 5
 The case proceeded on claims 2 & 3. Defendants moved to dismiss those defendants who were listed in connection with those claims that had been dismissed by the court. The magistrate judge construed the motion to dismiss as a motion for summary judgment and recommended that summary judgment be granted in favor of defendants. The district court adopted the report and recommendation over Barnes's objections.
 
 
 6
 In his timely appeal Barnes argues that the district court abused its discretion by awarding summary judgment to defendants as to claims 2 & 3 because defendant O'Dea had not yet responded to his interrogatories and because a "scintilla of evidence" supported his claims. He also argues that the district court abused its discretion by failing to address his due process claim enumerated above as number 4.
 
 
 7
 Initially, we note that Barnes does not argue that the district court erred by dismissing claims 1, 5, and 6. Thus, these issues are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 8
 The district court properly dismissed Barnes's fourth claim as frivolous pursuant to 28 U.S.C. Sec. 1915(d). An in forma pauperis complaint may be dismissed as frivolous when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). This court reviews a dismissal under Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 9
 The district court properly dismissed Barnes's claim enumerated number 4 as frivolous because Barnes's claim lacks an arguable basis in law. He contends, in essence, that reliance on his PSI violated his due process rights because he waived a PSI at his guilty plea, and second, he did not know that a PSI had been prepared and was on file until he was informed of it at a prison security classification meeting. The record reveals that Barnes, in fact, waived his right to be informed of the PSI's contents. His waiver, however, has nothing whatsoever to do with the right or obligation of the court to have a PSI prepared, or with the use of a PSI for purposes of classification and determination of eligibility for involvement in prison programs. See generally Commonwealth v. Bush, 740 S.W.2d 943 (Ky.1987) (PSI utilized for purposes of classification).
 
 
 10
 The district court properly granted summary judgment to the defendants on plaintiff's remaining two claims under review. The dismissal of plaintiff's claims 2 & 3 is reviewed under the standard of summary judgment where, as here, the district court considered matters outside the initial pleadings. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam). This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The party moving for summary judgment bears the initial burden of demonstrating an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325.
 
 
 11
 The defendants met their initial burden of showing an absence of evidence to support plaintiff's case. The gist of Barnes's claims 2 & 3 is that the delay in permitting him to participate in the Islamic fast of Ramadan violated Barnes's First Amendment right of free exercise of his religion. The defendants demonstrated, however, that this delay was justifiably caused by their reasonable attempts to confirm that Barnes was a practicing Muslim. Pursuant to EKCC Policy 23-01-01, information concerning a prisoner's religious preference is forwarded to the chaplain, who then determines the prisoner's religious dietary needs. The Policy did not violate Barnes's rights under the Free Exercise Clause of the First Amendment because prison officials have the right to determine whether an inmate's religious beliefs are sincere, see Mosier v. Maynard, 937 F.2d 1521, 1526-27 (10th Cir.1991), and prison officials may take such actions as are reasonable under the circumstances to determine whether the inmate's religious beliefs are sincere. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-49 (1987); Turner v. Safley, 482 U.S. 78, 89 (1987). The challenged policy simply outlines the steps taken by the prison to determine a prisoner's religious needs. Those steps were taken and the result accrued to Barnes's benefit. Accordingly, the defendants met their burden of showing that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). In the face of this evidence, Barnes was required, yet failed, to submit significant probative evidence in support of his complaint. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment was properly entered for the defendants.
 
 
 12
 Finally, we conclude that Barnes's remaining allegation of error is meritless. Barnes argues that the district court abused its discretion by awarding defendants summary judgment before defendant O'Dea returned his answers to interrogatories. Discovery is within the sound discretion of the trial court. Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989). We find no abuse of discretion here.
 
 
 13
 Accordingly, we hereby affirm the district court's order granting summary judgment to the defendants pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation