RENDERED:  MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0396-MR

KEVIN ADAMS                                                                              APPELLANT

v.                    APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MARY M. SHAW, JUDGE
ACTION NO. 95-CR-002274

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND LAMBERT, JUDGES.

COMBS, JUDGE:  Appellant, Kevin Adams, *pro se*, appeals from an order of the

Jefferson Circuit Court denying his motion to vacate the final judgment and order

of sentence under CR[1] 60.02.  After our review, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

The underlying facts are summarized in this Court's Opinion rendered in a prior appeal, *Adams v. Commonwealth*, No. 2008-CA-000793-MR, 2010 WL 1132807, at *1 (Ky. App. Mar. 26, 2010), as follows in relevant part:

> In April 1995, Adams admittedly strangled Helen N. Kirk, causing her death. Adams maintains that Kirk's death was accidental, occurring while the couple was engaged in consensual erotic asphyxiation. . . . Adams was charged with first-degree rape, first-degree burglary, first-degree robbery, and tampering with physical evidence. The Commonwealth indicated it was going to seek the death penalty and, in lieu of taking that risk, Adams entered a guilty plea to murder, first-degree rape, first-degree burglary, and tampering with evidence. The court accepted Adams's plea and sentenced him to life imprisonment without the possibility of parole for twenty-five years.
>
> Following the court's imposition of judgment and sentencing, Adams filed a Kentucky Rule of Criminal Procedure (RCr) 11.42 motion. In that motion, Adams argued that his counsel had been ineffective because they: failed to adequately prepare; failed to advise him that he could have chosen to have a jury impose sentence after entering his guilty plea; failed to retain an expert to determine his competency; and failed to establish that he lacked the requisite intent to commit murder and burglary. The trial court denied Adams's motion . . . . This Court affirmed . . . .
>
> After attempting to obtain relief from the federal courts, Adams filed the CR 60.02 motion that is the subject of this [the prior] appeal. As he did in his RCr 11.42 motion, Adams argued that his plea was not knowing or voluntary, although for arguably different reasons than he previously asserted.
>
> . . . .

Adams has not presented any credible arguments or evidence that he did not or could not have known of the existence of those issues when he filed his RCr 11.42 motion. Therefore, Adams is foreclosed from raising those issues via a CR 60.02 motion, and we affirm the trial court's denial of Adams's motion.

On April 21, 2021, Adams filed another motion for relief pursuant to CR 60.02(d), (e), and (f), requesting that his sentence be vacated. Adams argued that when he was reviewed for parole on July 8, 2020, the parole board told him that his PSI (pre-sentence investigation) report contained information that his victim was scared of him. He claimed that the parole board used that information against him in issuing a serve-out on his sentence. Adams contended that the Commonwealth's attorney erred in allowing information that the victim feared him to be placed in his file when the findings of the Commonwealth's attorney were to the contrary. Adams also argued that the trial court erred in not examining the PSI report to ensure its accuracy before imposing his sentence, citing KRS[2] 532.050. Adams submitted that as he had "no right to view the pre-sentence report nor to obtain a copy . . . from corrections, [he] could not have known about the inaccuracies through due diligence until the parole board hearing . . . and the claim must be accredited towards the consideration of new evidence."

---

[2] Kentucky Revised Statutes.

By order entered March 15, 2022, the circuit court denied Adams's

motion as follows in relevant part:

> As pointed out by the Commonwealth in its responsive brief, Mr. Adams had ample opportunity to review the PSI and suggest corrections during his sentencing hearing on December 7, 1995.  The trial court explicitly asked Mr. Adams and counsel if they had reviewed the PSI and whether the PSI required any corrections.  Counsel answered that they reviewed the PSI and it needed no corrections.  Conversely, the Commonwealth moved to correct the PSI by including Ms. [*sic*] Adams' criminal record.  Thereafter, counsel for Mr. Adams requested to review the information from discovery before it was added to the record, and the trial court responded that the information would be made available.
>
> Mr. Adams mistakes the requirement KRS 532.050(6) places upon courts.  The statute reads as follows:
>
> > Before imposing sentence, the court shall advise the defendant or his or her counsel of the factual contents and conclusion of any presentence investigation or psychiatric examinations and afford a fair opportunity and a reasonable period of time, if the defendant so requests, to controvert them.  The court shall provide the defendant's counsel a copy of the presentence investigation report.  It shall not be necessary to disclose the sources of confidential information.
>
> After a review of the record, the Court is satisfied that these requirements were followed during Mr. Adams' sentencing hearing.  Contrary to his assertions otherwise, he had ample opportunity to review the PSI and move to

correct it as he saw fit, which is all the statute necessitates.  See [*Commonwealth*] *v. Bush*, 740 S.W.2d 943 (Ky. 1987).  Accordingly, Mr. Adams' motion must be denied.

Adams has appealed this order.  "We review the denial of a CR 60.02 motion under an abuse of discretion standard.  The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."  *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009) (citations omitted).

In his appeal now before us, Adams reargued his case.  We have reviewed the video recording of the December 7, 1995, sentencing proceeding; we are satisfied that the requirements of KRS 532.050(6) were followed.  We agree with the circuit court that Adams had ample opportunity to review the PSI report and to move to correct it as he saw fit, which is all that the statute requires.  Accordingly, the circuit court did not abuse its discretion in denying Adams's motion.

We affirm the order of the Jefferson Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Kevin L. Adams, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky